Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Clyde Lorenzo Miller** |
| | First Name   Middle Name   Last Name |
| Debtor 2 | **Peggy Mea Miller** |
| (Spouse, if filing) | First Name   Middle Name   Last Name |
| United States Bankruptcy Court for the: | **DISTRICT OF SOUTH CAROLINA** |
| Case number: | 23-00278 |
| (If known) | |

☐ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☐ Pre-confirmation modification
☐ Post-confirmation modification

# District of South Carolina
## Chapter 13 Plan

5/22

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.
4414
If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation. **To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1** The debtor will pay the trustee as follows:

**$2,300.00** per **Month** for **58** months

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court, unless otherwise ordered.

**2.2** Regular payments to the trustee will be made from future income in the following manner:

*Check all that apply:*

☐ The debtor will make payments pursuant to a payroll deduction order.
☑ The debtor will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*

- [x] The debtor will retain any income tax refunds received during the plan term.
- [ ] The debtor will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*

- [x] **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

## Part 3: Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1    Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply. Only relevant sections need to be reproduced.*

- [ ] None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

- [ ] **3.1(b)** The debtor is in default and will maintain the contractual payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor. The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

- [x] **3.1(c)** The debtor will make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

- [ ] **3.1(d)** The debtor proposes to engage in loss mitigation efforts with _____ according to the applicable guidelines or procedures of the Judge assigned to this case. Refer to section 8.1 for any nonstandard provisions, if applicable.

    *Insert additional claims as needed*

- [ ] **3.1(e) Other.** A secured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

    *Insert additional claims as needed*

**3.2    Request for valuation of security and modification of undersecured claims.** *Check one.*

- [ ] None. If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

- [x] **Non-governmental claims.** The debtor requests that the Court determine the amount of the secured claims listed below, as set out in the column headed *Amount of secured claim*. Unless otherwise ordered by the Court, a proof of claim sets the total amount of a claim, but the plan controls the amount of the secured claim, unless a lower secured claim amount is acknowledged in the proof of claim. The amount of the secured claim will be paid in full with interest at the rate stated below. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.

Unless otherwise stated in Part 8.1, any applicable taxes and insurance related to the collateral shall be paid directly by the debtor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| **Auto Money Title Loans** | $6,779.00 | 2010 Ford F-150 | $6,195.00 | $0.00 | $6,195.00 | 5.25% | $122.00 (or more) |
| **U S AUTO FINANCE, INC.** | $12,844.00 | 2012 Buick Lacrosse | $6,175.00 | $0.00 | $6,175.00 | 5.25% | $121.00 (or more) |
| **W.S. BADCOCK CORPORATION (5052)** | $5,055.00 | Household Goods | $1,000.00 | $0.00 | $1,000.00 | 5.25% | $20.00 (or more) |

*Insert additional claims as needed.*

☐ **Governmental claims.** The debtor's proposed *Amount of secured claim* for purposes of estimating plan funding is listed below. After the claim is filed or after the deadline to file a claim, the debtor will file either: (1) a motion to determine the amount of the secured claim, or (2) an objection to the proof of claim. Unless otherwise ordered by the Court, the governmental unit's secured claim amount listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. The amount of the secured claim will be paid in full with interest at a rate stated below, with any priority amounts of the unsecured claim paid under Part 4, and any general unsecured amounts paid under Part 5.

Unless otherwise stated in Part 8.1, any applicable taxes and insurance related to the collateral shall be paid directly by the debtor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | (or more) |

*Insert additional claims as needed.*

**3.3    Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*

☐ **None**. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

☑ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered, the applicable proof of claim sets the amount to be paid at the interest rate set below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless otherwise stated in Part 8.1, any applicable taxes and insurance shall be paid directly by the debtor. Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall satisfy its liens at the earliest of the time required by applicable state law, order of this Court, or discharge under § 1328.

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| **1803 CAPITAL** | 2011 Mercedes S550 | $25,784.00 | 5.25% | $505.00 (or more) |
| | | | | Disbursed by: ☑ Trustee ☐ Debtor |
| **T&J MOTORS** | 2008 Chrysler 300 | $3,000.00 | 5.25% | $57.00 (or more) |
| | | | | Disbursed by: ☑ Trustee ☐ Debtor |
| **W.S. BADCOCK CORPORATION (9661)** | Household Goods | $962.00 | 5.25% | $19.00 (or more) |
| | | | | Disbursed by: ☑ Trustee ☐ Debtor |

*Insert additional claims as needed.*

**3.4    Lien avoidance.**

*Check one.*

☐ **None**. If "None" is checked, the rest of § 3.4 need not be completed or reproduced.
***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked***

☑ The Debtor(s) state that the judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of an order, whether included in the order confirming the plan or otherwise avoiding liens or security interests. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

*Choose the appropriate form for lien avoidance*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| SECURITY FINANCE<br><br>Household Goods | $900.00 | $0.00 | 500.00<br>S.C. Code Ann. § 15-41-30(A)(3) | $500.00 | $0.00 | 100% |
| SECURITY FINANCE<br><br>Household Goods | $1,050.00 | $1,800.00 | 500.00<br>S.C. Code Ann. § 15-41-30(A)(3) | $500.00 | $0.00 | 100% |
| SECURITY FINANCE<br><br>Household Goods | $900.00 | $900.00 | 500.00<br>S.C. Code Ann. § 15-41-30(A)(3) | $500.00 | $0.00 | 100% |
| SECURITY FINANCE<br><br>Household Goods | $1,050.00 | $2,850.00 | 500.00<br>S.C. Code Ann. § 15-41-30(A)(3) | $500.00 | $0.00 | 100% |

*Use this form for avoidance of liens on co-owned property only.*

| Name of creditor and description of property securing lien | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable Exemption and Code Section | Non-exempt equity (Debtor's equity less exemption) | Estimated lien | Amount of lien not avoided(to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | | |

*Insert additional claims as needed.*

**3.5    Surrender of collateral.**

*Check one.*

☑ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

## Part 4:   Treatment of Fees and Priority Claims

**4.1    General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3    Attorney's fees.**

a.  The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b.  If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a *pro rata* basis. If funds are available, the trustee is authorized to pay any allowed priority claim without further modification of the plan.

*Check box below if there is a Domestic Support Obligation.*

☐ **Domestic Support Claims**. 11 U.S.C. § 507(a)(1):

a.  Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to _____ (state name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*

b.  The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

c.  Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**4.5    Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## Part 5:   Treatment of Nonpriority Unsecured Claims

**5.1    Nonpriority unsecured claims not separately classified.** *Check one*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

- [✓] The debtor estimates payments of less than 100% of claims.
- [ ] The debtor proposes payment of 100% of claims.
- [ ] The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

- [✓] **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3  Other separately classified nonpriority unsecured claims.** *Check one.*

- [✓] **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

## Part 6: Executory Contracts and Unexpired Leases

**6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

- [ ] **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.
- [✓] **Assumed items.** Current installment payments will be disbursed directly by the debtor, as specified below, subject to any contrary court order or rule. Prepetition arrearage payments will be disbursed by the trustee unless otherwise ordered.

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Estimated amount of arrearage through month of filing or conversion | Estimated monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|---|
| MyShed Rentals | porch | $199.00 | $398.00 | $7.00 |
| | | | | (or more) |
| MyShed Rentals | porch | $148.00 | $296.00 | $6.00 |
| | | | | (or more) |

Insert additional claims as needed.

## Part 7: Vesting of Property of the Estate

**7.1  Property of the estate will vest in the debtor as stated below:**
*Check the applicable box:*

- [✓] Upon confirmation of the plan, property of the estate will remain property of the estate, but possession and use of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor.

- [ ] **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

## Part 8: Nonstandard Plan Provisions

**8.1  Check "None" or List Nonstandard Plan Provisions**
- [ ] **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**

**8.1 (a) Mortgage payments to be disbursed by the Trustee ("Conduit"):**

Mortgage payments, including pre-petition arrears, will be paid and cured by the Trustee as follows:

| Name of Creditor | Description of Collateral (note if principal residence; include county tax map number and complete street address) | Current installment payment (ongoing payment amount) * | Monthly payment to cure GAP ** (post-petition mortgage payments for the two (2) months immediately following the event beginning conduit) | Estimated amount of PRE-PETITION ARREARAGE ** (including the month of filing or conversion)* | Monthly payment on pre-petition arrearage |
|---|---|---|---|---|---|
| 21ST MORTGAGE CORP | 2020 Victory Mobile Home<br><br>7330 Harvest Road Rembert, SC 29128<br><br>Sumter County<br><br>TMS#:4000039028 | $1067.81<br>Escrow for taxes:<br>x Yes<br>? No<br><br>Escrow for insurance:<br>x Yes<br>? No | $37.00<br>Or more | $2136.00 | $37.00<br>Or more |

\* Unless otherwise ordered by the Court, the amounts listed on a Compliant Proof of Claim or a Notice filed under Fed. R. Bankr. P. 3002.1 control over any contrary amounts above, and any Notice of Mortgage Payment Change that might be filed to amend the ongoing monthly payment amount.

 \*\* The GAP will be calculated from the payment amounts reflected in the Official Form 410A Mortgage Proof of Claim Attachment and any Notice of Mortgage Payment Change that might be filed to amend the monthly payment amount, but should not be included in the prepetition arrears amount.

**All payments due to the mortgage creditor as described in any allowed Notice of Fees, Expenses, and Charges under Fed. R. Bankr. 3002.1, filed with the Court, will be paid by the Trustee according to the requirements of the Operating Order 22-03, on a pro rata basis as funds are available.**

Once the trustee has filed a Notice of Final Cure under Fed. R. Bankr. P. 3002.1(f), the debtor shall be directly responsible for ongoing mortgage payments and any further post-petition fees and charges.

**Part 9:**    **Signatures:**

9.1    **Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

| | | | |
|---|---|---|---|
| X | /s/ Clyde Lorenzo Miller<br>**Clyde Lorenzo Miller**<br>Signature of Debtor 1 | X | /s/ Peggy Mea Miller<br>**Peggy Mea Miller**<br>Signature of Debtor 2 |
| | Executed on    **January 31, 2023** | | Executed on    **January 31, 2023** |
| X | /s/ Eric S. Reed<br>**Eric S. Reed 7242**<br>Signature of Attorney for debtor  DCID# | | Date    **January 31, 2023** |

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

# United States Bankruptcy Court
### District of South Carolina

In re  **Clyde Lorenzo Miller**
**Peggy Mea Miller**

Debtor(s)

Case No. **23-00278**

Chapter **13**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the **Chapter 13 Plan** was duly served upon the parties in the attached mailing matrix by depositing said papers in the United States Mail, on 01/31/2023, with first class postage duly affixed and a return address clearly indicated on said envelope to the address indicated, subject to the following exception: The parties individually listed below have elected to be served via received electronic notice.

**/s/ Eric S. Reed**
**Eric S. Reed 7242**
**Reed Law Firm, P.A.**
**1807 W Evans Street**
**Suite B**
**Florence, SC 29501**
**843-679-0077 Fax:843-679-0667**
**ereed@reedlawsc.com**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-3<br>Case 23-00278-dd<br>District of South Carolina<br>Columbia<br>Tue Jan 31 16:18:17 EST 2023 | 1803 CAPITAL<br>2600 BELLE CHASSE HWY, STE 206<br>GRETNA LA 70056-7156 | (p)21ST MORTGAGE CORPORATION<br>PO BOX 477<br>KNOXVILLE TN 37901-0477 |
| ALLIED INTERSTATE LLC<br>ATTN: BANKRUPTCY DEPARTMENT<br>PO BOX 361477<br>COLUMBUS OH 43236-1477 | ATTORNEY GENERAL OF THE UNITED STATES<br>DEPT OF JUSTICE, ROOM 5111<br>10TH AND CONSTITUTION AVENUE, NW<br>Washington DC 20530-0001 | (p)AUTOMONEY  INC<br>ATTN ABIGAIL SCUDDER DUFFY<br>450 MEETING ST<br>CHARLESTON SC 29403-5522 |
| CREDENCE RESOURCE MANAGEMENT, LLC<br>ATTN: BANKRUPTCY<br>4222 TRINITY MILLS ROAD SUITE 260<br>DALLAS TX 75287-7666 | EXETER FINANCE LLC<br>ATTN: BANKRUPTCY<br>PO BOX 166008<br>IRVING TX 75016-6008 | EXPRESS COLLECTIONS IN<br>POB 9307<br>RAPID CITY SD 57709-9307 |
| FIRST PREMIER BANK<br>ATTN: BANKRUPTCY<br>PO BOX 5524<br>SIOUX FALLS SD 57117-5524 | FIRST PROGRESS<br>ATTN: BANKRUPTCY<br>PO BOX 9053<br>JOHNSON CITY TN 37615-9053 | HF HOLDINGS<br>1707 ORLANDO CENTRAL PWKY<br>ORLANDO FL 32809-5783 |
| IC SYSTEMS, INC<br>ATTN: BANKRUPTCY<br>PO BOX 64378<br>ST. PAUL MN 55164-0378 | IRS<br>PO BOX 7346<br>Philadelphia PA 19101-7346 | (p)MOHELA<br>CLAIMS DEPARTMENT<br>633 SPIRIT DRIVE<br>CHESTERFIELD MO 63005-1243 |
| Clyde Lorenzo Miller<br>7330 Havest Road<br>Rembert, SC 29128-8567 | Peggy Mea Miller<br>7330 Havest Road<br>Rembert, SC 29128-8567 | My Shed Rental<br>PO Box 120<br>Woodleaf NC 27054-0120 |
| NAVY FCU<br>ATTN: BANKRUPTCY<br>PO BOX 3000<br>MERRIFIELD VA 22119-3000 | RFGI<br>ATTN: BANKRUPTCY<br>PO BOX 537<br>SYCAMORE IL 60178-0537 | Eric S Reed<br>Reed Law Firm, PA<br>220 Stoneridge Dr., Suite 301<br>Columbia, SC 29210-8018 |
| (p)SOUTH CAROLINA DEPARTMENT OF REVENUE<br>OFFICE OF THE GENERAL COUNSEL - BANKRUPTCY SECTION<br>300A OUTLET POINTE BLVD<br>COLUMBIA SC 29210-5666 | SECURITY FINANCE<br>ATTN: CENTRALIZED BANKRUPTCY<br>PO BOX 1893<br>SPARTANBURG SC 29304-1893 | (p)SKOPOS FINANCIAL LLC<br>500 E JOHN CARPENTER FREEWAY<br>SUITE 300<br>IRVING TX 75062-3969 |
| SUMTER COUNTY TREASURER<br>13 East Canal Street<br>Sumter SC 29150-4925 | Pamela Simmons-Beasley<br>250 Berryhill Road<br>Suite 402<br>Columbia, SC 29210-6466 | T&J MOTORS<br>1812 SOUTH FIFTH STREET<br>Hartsville SC 29550-5794 |
| TCM, INC<br>ATTN: BANKRUPTCY<br>PO BOX 1945<br>CORINTH MS 38835-1945 | Transworld System Inc/Exchange<br>PO Box 15110<br>Wilmington DE 19850-5110 | US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly Street<br>Suite 953<br>Columbia, SC 29201-2448 |

| | | |
|---|---|---|
| U S AUTO FINANCE, INC.<br>ATTN: BANKRUPTCY<br>919 N MARKET ST, STE 202<br>WILMINGTON DE 19801-3129 | US ATTORNEYS OFFICE<br>JOHN DOUGLAS BARNETT ESQ<br>1441 MAIN STREET SUITE 500<br>Columbia SC 29201-2897 | (p)W S BADCOCK CORPORATION<br>POST OFFICE BOX 724<br>MULBERRY FL 33860-0724 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| 21ST MORTGAGE CORP<br>ATTN: BANKRUPTCY<br>620 MARKET STREET<br>KNOXVILLE TN 37902 | Auto Money Title Loans<br>864 Broad Street<br>Sumter SC 29150 | MOHELA<br>ATTN: BANKRUPTCY<br>633 SPIRIT DRIVE<br>CHESTERFIELD MO 63005 |
| SC Department of Revenue<br>PO Box 12265<br>Columbia SC 29211 | SKOPOS FINANCIAL LLC<br>ATTN: BANKRUPTCY<br>PO BOX 143454<br>IRVING TX 75014 | W.S. BADCOCK CORPORATION<br>ATTN: BANKRUPTCY<br>PO BOX 497<br>MULBERRY FL 33860 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (u)FIRST PREMIER BANK | End of Label Matrix<br>Mailable recipients   32<br>Bypassed recipients    1<br>Total                 33 |